■ RONALD ANDERSON et al., Appellants, v W. THEODORE HILL et al., Respondents. [776 NYS2d 548]—

Order, Supreme Court, New York County (Paula J. Omansky, J.), entered June 9, 2003, which, to the extent appealed from, dismissed the first two causes of action for failure to state a cause of action and failure to join a necessary party, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered October 23, 2003, which denied plaintiffs' motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable order.

Plaintiffs are agents for thoroughbred racing jockeys. Defendants are racetrack stewards appointed by the New York State Racing and Wagering Board, and their duties include supervision of all activities associated with competitive thoroughbred racing at courses in this state. The first cause of ac-

tion seeks injunctive and declaratory relief to curb defendants' purportedly broad, discretionary authority (9 NYCRR 4022.21) to promulgate and enforce a provision in their Condition Book called the "single jockey rule," which restricts agents from representing more than one journeyman jockey at a time in New York. During the pendency of this action, the Racing and Wagering Board, which has general jurisdiction over all thoroughbred racing activities statewide (Racing, Pari-Mutuel Wagering and Breeding Law § 101), notified the New York Racing Association, which operates the racetracks at Belmont, Saratoga and Aqueduct, and which publishes the Condition Book, that it was the Association's responsibility to enforce the single jockey rule, and that the Condition Book should be amended to eliminate any implication that the stewards had any role in issuing or approving that restriction.

While defendants may have enforced the rule in question, it was clearly promulgated by the Association. Plaintiffs have made no attempt to join the Association or the Racing and Wagering Board, or to incorporate causes of action against them by further amending their complaint.

Inasmuch as the existing amended complaint seeks primarily to enjoin a continuing harm, without specifically alleging past instances of harm, the statute of limitations is not a factor, and plaintiffs would not be prejudiced in having to commence a new action or proceeding. In any event, plaintiffs fail to state a basis for declaratory or injunctive relief in the absence of evidence supporting their allegation that defendants acted outside the scope of their authority.

The cause of action for fraud failed to establish reliance on any material misrepresentations, made with knowledge or belief that they were false (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413 [1996]). The complaint does not particularize how defendants may have acted outside their supervisory authority with an intent to deceive or cause injury to plaintiffs. Nor, for that matter, is any injury alleged.

The evidence in this record indicates that the single jockey rule has a rational purpose, that the Condition Book cloaks defendants with implied authority to enforce it, and that defendants believe in good faith that such enforcement is consistent with their obligation to ensure the fairness of thoroughbred racing in New York. We have examined plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J.P., Ellerin, Lerner and Marlow, JJ.